LEDERER v. ADLER et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. PROCEDURE—NOTE OF ISSUE—NOTICE OF TRIAL—CONTEMPORANEOUS SERVICE.
Under Code Civ. Proc. § 3162, providing that the note of issue must state the date or term for which notice has been given, a cause in which the note of issue was filed before 1 o'clock on a certain day, and the notice of trial served at 4 on the same day, was not improperly on the docket on the ground that the notice of trial should have been served first.

Appeal from City Court of New York, Special Term.

Action by Emil Lederer against Ettie Adler and others. From an order denying a motion to strike the cause from the calendar, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Benjamin Reass, for appellants.
Henry Kuntz, for respondent.

MacLEAN, J. On one and the same date—April 16, 1904—the plaintiff filed his note of issue and served his notice of trial. Inasmuch as the note of issue must have been filed before 1 o'clock in the afternoon of that day, it being a Saturday, and the notice of trial was served at half past 4 o'clock in the afternoon, the appellant contends that this cause was improperly upon the calendar, for the reason that under section 3162, Code Civ. Proc., as interpreted in Miner v. Galvanotype Engraving Co., 30 Misc. Rep. 200, 61 N. Y. Supp. 1102, the notice of trial should be served before the filing of a note of issue, which "must * * * state the date or the term for which the notice has been given." The nicety of sequence in events is hardly commanded by the statute, which does not forbid an attorney or his clerk from preparing the two papers on the same day, and carrying both

out at the same time for service and filing, although one may by an hour or two anticipate the other, for, provided due and timely information be given, the law, especially in matters of practice, seldom takes account of immaterial fractions of a day, or depends upon casuistical sequences and subsequences. The order should be affirmed.

Order appealed from affirmed, with costs and disbursements. All concur.